SCHWARTZ, Chief Judge.
The state appeals from an order suppressing cocaine which was hidden in a hollowed-out watermelon[1] seized from the appellee at the Miami Amtrak station. It is admitted, as the trial judge found, that the police search of the straw fruit bag being carried by the defendant — a so-called narcotics mule — which yielded the contraband, was supported neither by probable cause *331 nor effective consent. The prosecution’s only position is that — because of the nature or the “container” of the drugs[2] and the fact that the appellee denied owning it (though she admitted it had been entrusted to her) — Ms. Rodriguez lacked “standing” to object to the unlawful search. This contention, which is basically that a person has no reasonable expectation of privacy in his own personal possessions is both unprecedented [3] and frivolous. U.S. Const, amend. IV (“The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated_” [e.s]); 1 W. LaFave, Search and Seizure § 2.6 (2d ed. 1987). We memorialize its summary rejection only[4] to admonish the state that this court should not again be burdened with cases of such obvious lack of merit.
Affirmed.

. We have not resisted the glorious opportunity to characterize the issue in this case as one which involves the fruit of the poisonous vine.

.This claim obviously and unjustifiably confuses the nature of the location from which the object was seized — that is, Ms. Rodriguez’s personal luggage — with the invidious nature of the product itself and the unusual container in which it had been placed. The acceptance of this position would destroy the protection of the Fourth Amendment on the reasoning that the fact that an illegal object was taken by the police itself demonstrates the illegitimacy of any expectation of privacy with respect to it. See also infra note 3.

.The only authorities cited by the state on the "container” issue deal with searches of objects in motor vehicles, see Arkansas v. Sanders, 442 U.S. 753 n. 13, 99 S.Ct. 2586 n. 13, 61 L.Ed.2d 235 n. 13 (1979), and of areas in vessels, see United States v. Sarda-Villa, 760 F.2d 1232 (11th Cir.1985); United States v. Lopez, 761 F.2d 632 (11th Cir.1985). They have nothing to do with a search of the person such as the one involved here. Thus, the court in Sarda-Villa said:
We think that the search at issue here — of hidden fuel compartments in a boat challenged by the captain (not the owner) and a crew member — is a far cry from the search of a home or the personal belongings of a defendant.
760 F.2d at 1237.
Similarly inapplicable are the decisions cited to support the argument that the defendant had somehow abandoned the contraband by denying that she owned it. E.g., State v. Jones, 454 So.2d 774 (Fla. 3d DCA 1984) (physical abandonment). None involve a situation in which the article is in the possession of the person unlawfully searched. In such an instance, standing to challenge the search exists as a matter of law. Diaz-Fonseca v. State, 483 So.2d 558 (Fla. 3d DCA 1986) (defendant who denied ownership of luggage on claim that it belonged to uncle "clearly had a sufficient possessory and custodial interest in the bag to have established standing to object to its search and seizure”); see United States v. Richards, 638 F.2d 765 (5th Cir.1981) (cited in Diaz-Fonseca; notwithstanding defendant’s denial that he owned package received in controlled delivery he asserted claim of lawful possession which gave rise to legitimate expectation that contents of package were private), cert, denied, 454 U.S. 1097, 102 S.Ct. 669, 70 L.Ed.2d 638 (1981); Shafi v. State, 377 So.2d 787, 789 (Fla. 1st DCA 1979) (Notwithstanding defendant’s denial of ownership of luggage found in his possession, "[standing to object to a search has never been contingent upon only a showing of ownership. Shafi must be considered to have established a sufficient pos-sessory interest in the articles seized even in the absence of any ownership interest.”).

.But see also supra note 1.